Herschel Collins,                          :
    Plaintiff,                          :
                                     :
v.                                         :          Case No. 3:06cv1716 (JBA)
                                     :
Sovereign Bank, et al.,                    :
    Defendants.                         :

**RULING ON MOTIONS TO DISMISS [DOCS. ## 23, 55, 60, 61, 63]**

Plaintiff Herschel Collins brought this action pro se pursuant to 42 U.S.C. § 1983 against multiple defendants, including the United States Treasury Department, Treasury Secretary Henry Paulson, and Office of Thrift Supervision employees Richard Denby[1] and David Rollins (the "Treasury Defendants"); the Office of Thrift Supervision ("OTS"); Connecticut Attorney General Richard Blumenthal, David Rivers of the Connecticut Attorney General's office, and Richard Reid of the Connecticut State Insurance Department (the "State Defendants"); the Town of West Hartford, the West Hartford Police Department, Benjamin Delmonte, and Officer Swank (the "West Hartford Defendants"); and Hoffman Ford, Bradley Hoffman, and Billy Genereux (the "Hoffman Ford Defendants"). See Compl. [Doc. # 3]; More Def. Stmt. [Doc. # 44]. Against these defendants plaintiff asserts multiple claims, which will be discussed in more detail below, including false arrest, malicious prosecution,

---

[1] Incorrectly named in the Complaint as Richard Denhy.

denial of equal protection and violation of Title II of the
Americans with Disabilities Act for failure to act on certain
complaints made by plaintiff, and fraud and/or breach of
contract.  The above groups of defendants now move to dismiss,
arguing, <u>inter alia</u>, lack of jurisdiction and failure to state
claims upon which relief can be granted.  <u>See</u> [Docs. ## 23, 55,
60, 61, 63].  For the reasons the follow, these motions will be
granted.[2]

## I.    Treasury Defendants [Doc. # 60]

As against the Treasury Defendants, the Complaint appears
to allege a claim for failure to protect plaintiff "from the
abuse of one federally regulated bank, licensed as Sovereign
Bank, fraud, deception, auto theft and bank account being
compromised."  Compl. at 5-6, 14.  It seeks compensatory damages
against each Treasury Defendant in the amount of $100,000 and
$300,000 in punitive damages (the text of the Complaint does not
reference or claim any specific relief against defendant Paulson,
although his name appears on the caption).  <u>Id</u>. at 14-15.

"It is axiomatic that the United States may not be sued
without its consent and that the existence of consent is a
prerequisite for jurisdiction."  <u>United States v. Mitchell</u>, 463

---

[2] In adjudicating these motions, the Court bears in mind the
Second Circuit's direction that "when the plaintiff proceeds pro
se, . . . a court is obliged to construe his pleadings liberally,
particularly when they allege civil rights violations."  <u>McEachin
v. McGuinnis</u>, 357 F.3d 197,  200 (2d Cir. 2004).

2

U.S. 206, 212 (1983). Any waivers of sovereign immunity are "strictly construed, in terms of its scope, in favor of the sovereign," <u>Lane v. Pena</u>, 518 U.S. 187, 192 (1996), and plaintiff's Complaint implicates no applicable waiver that would permit suit against the Treasury Department in this case. Further, there can be no claim against the Treasury Department pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), as such claims may not be asserted against the United States or its agencies, but only against individual federal officials who engage in unconstitutional conduct. <u>Id</u>. at 410; <u>Robinson v. Overseas Military Sales Corp.</u>, 21 F.3d 502, 510 (2d Cir. 1994) ("[A <u>Bivens</u>] action, however, must be brought against the federal officers involved in their individual capacities. Under the doctrine of sovereign immunity, an action for damages will not lie against the United States absent consent. Because an action against a federal agency or federal officers in their official capacities is essentially a suit against the United States, such suits are also barred under the doctrine of sovereign immunity, unless such immunity is waived."). Moreover, there can be no ADA claim against the Treasury Department, as Title II of the ADA is not applicable to the federal government. <u>See</u> <u>Cellular Phone Taskforce v. F.C.C.</u>, 217 F.3d 72, 73 (2d Cir. 2000) (citing 42 U.S.C. § 12131(1)).

Moreover, and with respect to the individual Treasury Defendants, there is no constitutional right to have a complaint filed with public officials acted on or to receive protection from such public officials except in circumstances where a duty arises out of "special relationships created or assumed . . . with respect to particular individuals," which circumstances are not alleged here.  See DeShaney v. Winnebago County Dept. of Social Servs., 489 U.S. 189, 197 (1989); Pena v. DePrisco, 432 F.3d 98, 107-09 (2d Cir. 2005).  To the extent plaintiff is claiming racial discrimination in violation of the Equal Protection Clause at the heart of the alleged failure to protect he alleges, plaintiff must allege discrimination or disparate impact that "can be traced to a discriminatory purpose," General Building Contractors Ass'n v. Penn., 458 U.S. 375, 390 (1982), and no such allegation against the Treasury Defendants appears in the Complaint.  Accordingly, plaintiff's claim(s) against the Treasury Defendants must be dismissed.[3]

## II.  OTS [Doc. # 61]

The allegations in the Complaint concerning the OTS are the same as those concerning the Treasury Defendants, see Compl. at

---

[3] Moreover, at the pre-filing conference on February 12, 2007, plaintiff represented that he was seeking only injunctive relief that would compel the federal authorities to initiate an investigation relating to the complaints he filed, although his Complaint seeks only monetary relief and neither his Complaint nor his More Definite Statement articulate any request for such injunctive relief.

14, and, for the same reasons, they must be dismissed. Specifically, 12 U.S.C. § 1464(d)(1)(A) provides a limited waiver subjecting OTS only to suits "other than suits on claims for money damages" brought by "any Federal savings association or director or officer thereof," which plaintiff by the terms of his Complaint indisputably is not.[4]  Further, as set out above, any Bivens claim can only be brought against a federal official, not against a federal agency, Title II of the ADA is inapplicable to the federal government, and, to the extent plaintiff raises any common law tort claims against the OTS (which he does not appear to do), the Federal Tort Claims Act provides no waiver to sue a federal agency in its own name.  See 26 U.S.C. §§ 2674, 2679(a); Mill Creek Group, Inc. v. F.D.I.C., 136 F. Supp. 2d 36, 43-44 (D. Conn. 2001).  Accordingly, plaintiff's claim(s) against OTS must also be dismissed.

**III. State Defendants [Doc. # 55]**

Plaintiff's allegations relating to the State Defendants concern prior complaints filed with them concerning an insurance company's failure to reimburse him for rental expenses and a loss of a contract, claiming "fail[ure] to apply the laws equally . . .

---

[4] Additionally, as discussed supra note 3 with respect to the Treasury Defendants, the Complaint asserts only claims for money damages against OTS, although at the pre-filing conference plaintiff stated that he was only seeking injunctive relief against the federal defendants and neither the Complaint nor the More Definite Statement reference injunctive relief.

5

. discrimination and violation of [plaintiff's] 14th Amendment rights of equal protection," and also referring to plaintiff's rights under the ADA.  Compl. at 8-9, 15-16.  Thus, the Complaint appears to assert claims against the State Defendants for failure to act on plaintiff's complaints and/or to adequately protect him from the wrongdoings alleged therein in violation of the Equal Protection Clause and/or the ADA.

As noted above, there is no constitutional right to have a public official act on a complaint filed and/or to receive protection or aid from state officials, except in the limited circumstances of a "special relationship," which is neither alleged nor appears to exist in this case.  See DeShaney, supra; Pena, supra.  Moreover, plaintiff does not allege any discriminatory purpose or intent in his Complaint, other than his general damages allegations of "discrimination and violation of [his] 14th Amendment rights of equal protection."  See Rivera-Powell v. N.Y. City Bd. of Elections, 470 F.3d 458, 470 (2d Cir. 2006) (in order to establish equal protection claim, plaintiff was required to show that defendant "intentionally discriminated against her, either by adopting out of racial animus policies which are facially neutral but have a racially discriminatory effect, or by applying a facially neutral policy in a racially discriminatory manner").  "Conclusory allegation[s] of discrimination," "without evidentiary support or allegations of

6

particularized incidents" and absent allegations of
discriminatory intent, do "not state a valid claim and so cannot
withstand a motion to dismiss." See id. (internal quotations
omitted).  Additionally, with respect to plaintiff's reference to
the ADA, although it is not clear whether these allegations refer
to the State Defendants, the Complaint contains no allegation
that the State Defendants were aware of plaintiff's alleged
disability or discriminated against him on the basis of that
disability.  Accordingly, plaintiffs' claims against the State
Defendants will also be dismissed.[5]

**IV.  West Hartford Defendants [Doc. #23]**

With respect to the West Hartford Defendants, plaintiff
appears to assert § 1983 claims of false arrest and malicious
prosecution arising out of an arrest at the Waldbaum's Food Mart
in West Hartford on September 14, 2006.  See Compl. at 9-12; More
Def. Stmt. at 8-9.  As plaintiff alleges that he was charged with
"Larceny 6th, Attempted Larceny 6th, and Forgery 2nd" and "was
sentenced to one year in jail for a 30 day sentence, execution
suspended, two years probation" as a result of a plea bargain,
see Compl. at 11-12, the West Hartford defendants argue that
plaintiff's claims against them are barred by Heck v. Humphrey,

---

[5] Because the Court finds dismissal of plaintiff's claims
against the State Defendants appropriate, it need not address the
State Defendants' request to dismiss this action on the basis of
plaintiff's failure to comply with the Court's Order directing
plaintiff to file a more definite statement.

512 U.S. 477 (1994), inasmuch as "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence."

Heck v. Humphrey directs that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.  But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed."  Id. at 487. Here, because a necessary element of both claims is absence of probable cause (i.e., a lack of basis for the arrest/prosecution), and a second necessary element of a malicious prosecution claim is that the proceedings terminated in the plaintiff's favor, see Galazo v. City of Waterbury, 303 F. Supp. 2d 213, 218 (D. Conn. 2004) (citing McHale v. W.B.S. Corp., 446 A.2d 815 (Conn. 1982)); Weinstock v. Wilk, 296 F. Supp. 2d 241, 246 (D. Conn. 2003), plaintiff may not maintain these claims because a judgment in his favor would imply the invalidity of his conviction and sentence insofar as the conviction/sentence establish that there was a basis for plaintiff's arrest and

prosecution and that the proceedings did <u>not</u> terminate in his favor, and plaintiff has not alleged that his conviction and sentence were "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."  <u>See</u> <u>Peralta v. Vasquez</u>, 467 F.3d 98, 102 (2d Cir. 2006).

## V.  Hoffman Ford Defendants [Doc. # 63]

As to the Hoffman Ford Defendants, plaintiff appears to assert claims of fraud and/or breach of contract relating to his purchase of a car from Hoffman Ford at a price he believes was above what he should have paid.  <u>See</u> Compl. at 2-3, 8;[6] More Def. Stmt. at 2-4, 6.  The Hoffman Ford Defendants correctly contend that the Court lacks federal subject matter jurisdiction over these claims pursuant to 28 U.S.C. § 1331 inasmuch as they do not "aris[e] under the Constitution, laws, or treaties of the United States."  Likewise, there is no diversity jurisdiction pursuant to 28 U.S.C. § 1332 as both plaintiff and the Hoffman Ford Defendants appear to be Connecticut citizens.  Nor is it appropriate for the Court to exercise supplemental jurisdiction

---

[6] Plaintiff asserts a 14th Amendment violation against the Hoffman Ford Defendants, <u>see</u> Compl. at 14, but recovery for constitutional violations under Section 1983 is limited to actions committed under color of state law, and there is no allegation implying that the Hoffman Ford Defendants were acting under the color of state law.

over these state common law claims pursuant to 28 U.S.C. §
1367(a) because the claims are not "so related to claims in the
action within such original jurisdiction that they form part of
the same case or controversy," inasmuch as the federal claims,
discussed above, relating to the alleged false arrest and
malicious prosecution of plaintiff and the alleged failure to
respond to his complaints and/or protect him on the basis of race
and/or disability, are not connected to the allegations against
the Hoffman Ford Defendants concerning his alleged overpayment
for a car and entitlement to the "A Plan" purchase price.[7]  In
any event, because these federal claims are being dismissed, as
discussed <u>supra</u>, the Court would decline to exercise supplemental
jurisdiction over the state claims asserted against the Hoffman
Ford Defendants pursuant to 28 U.S.C. § 1367(c) ("The district
courts may decline to exercise supplemental jurisdiction over a
claim under subsection (a) if- . . . the district court has
dismissed all claims over which it has original jurisdiction.").
<u>See also</u> <u>Tops Markets, Inc. v. Quality Markets, Inc.</u>, 142 F.3d
90, 103 (2d Cir. 1998) ("28 U.S.C. § 1367(c)(3) . . . permits a
district court, in its discretion, to decline to exercise

---

[7] Even if there is some linkage between non-moving defendant
Sovereign Bank's allegedly unlawful repossession of the car that
plaintiff purchased at Hoffman Ford, <u>see</u> Compl. at 9, because
that claim against Sovereign Bank is brought under Connecticut
state law, it cannot provide a basis for supplemental
jurisdiction.

supplemental jurisdiction over state law claims if it has
dismissed all federal claims.").

## VI.  Plaintiff's Pending Motions

Also pending is plaintiff's Motion for Default Judgment
against defendants David Galotti (also spelled "Golloto" by
plaintiff), Waldbaum's Food Mart, and A&P Stores (collectively
the "Waldbaum's Defendants") [Doc. # 58], default having entered
pursuant to Fed. R. Civ. P. 55(a) on February 21, 2007, see [Doc.
# 52].  However, although upon entry of default the Court accepts
as true all of the factual allegations of the complaint against
the defaulted defendants except those relating to damages, see Au
Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981),
the Court "need not agree that the alleged facts constitute a
valid cause of action," id.  Here, plaintiff's allegations
against the Waldbaum's Defendants do not state a claim upon which
relief can be granted, and thus they must be dismissed.
Plaintiff appears to assert a malicious prosecution claim against
the Waldbaum Defendants.  See Compl. at 9-10.  However, as
discussed above with respect to the West Hartford defendants,
such a claim is not viable because it requires proof of a lack of
probable cause and that the criminal proceedings instigated ended
in plaintiff's favor, and by plaintiff's own allegations he
cannot demonstrate these elements.  See Heck v. Humphrey, supra,
512 U.S. at 487.  Thus, plaintiff's Motion for Default Judgment

must be denied, and the claims against the Waldbaum Defendants dismissed.

Plaintiff's other pending motions are adjudicated as follows: (1) the Court construes plaintiff's Motion to Disallow [Doc. # 73] as a motion for reconsideration of the Court's Order granting the Hoffman Ford Defendants' Motion to Set Aside [Doc. # 54], to which plaintiff has already filed one motion for reconsideration [Doc. # 67], which motion was denied. As plaintiff's current Motion advances no new grounds justifying reconsideration of the Court's earlier finding that the Hoffman Ford Defendants met the standard for setting aside an entry of default, this Motion will be denied; (2) plaintiff's Motion to Send this Case to Magistrate Judge Garfinkel for Alternative Settlement Conference [Doc. # 76] is denied as this case will be referred for a settlement conference with a Magistrate Judge only when and if this case has reached the post-summary judgment motion stage; moreover, any referral for settlement conference will be to Magistrate Judge Joan Glazer Margolis; (3) plaintiff's Motion to the United States Treasury [Doc. # 77] is denied insofar as the Treasury Defendants have been dismissed from the case; (4) plaintiff's Motion for Sovereign Bank to Produce [Doc. # 78] is denied as it appears to be a discovery request to defendant Sovereign Bank, which is properly directed to Sovereign Bank, not the Court.

## VII. Conclusion

For the foregoing reasons, the pending Motions to Dismiss [Docs. ## 23, 55, 60, 61, 63] are GRANTED and the following defendants are thus DISMISSED from the case: the United States Treasury Department, Treasury Secretary Henry Paulson, Richard Denby, David Rollins, the Office of Thrift Supervision, Connecticut Attorney General Richard Blumenthal, David Rivers, Richard Reid, the Town of West Hartford, the West Hartford Police Department, Benjamin Delmonte, Officer Swank, Hoffman Ford, Bradley Hoffman, and Billy Genereux. Plaintiff's Motion for Default Judgment [Doc. # 58] is DENIED and defendants David Galotti, Waldbaum's Food Mart, and A&P Stores (also named as Great Atlantic & Pacific Tea Company, as the parent of Waldbaum's Food Mart) are also DISMISSED from the case.

Also for the reasons discussed above, plaintiff's pending motions [Docs. ## 73, 76, 77, 78] are DENIED.

IT IS SO ORDERED.

/s/
_____ Janet Bond Arterton, U.S.D.J.

**Dated at New Haven, Connecticut, this 3rd day of April, 2007.**

13